**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Julio Victor R.R.,

Petitioner,

v.

Todd Blanche, *Attorney General*, et al.,

Respondents.

No. 26-cv-2853 (KMM/DJF)

**ORDER**

---

On August 26, 2026, this Court granted the Petitioner Julio Victor R.R.'s ("Petitioner" or "Mr. R.R.") Petition for a Writ of Habeas Corpus in part, requiring Respondents to provide him with an individualized bond hearing within fourteen days after the Court's Order. Dkt. 10. This matter is before the Court on Petitioner's Motion to Enforce Judgment and for Release. Dkt. 13. Petitioner asks the Court to Order Respondents to immediately release him from custody because they did not comply with the Court's August 26th Order or, alternatively, to require Respondents to hold a second bond hearing. Petitioner argues that Respondents did not provide his immigration counsel with sufficient notice to allow the attorney to appear on Petitioner's behalf before the Immigration Court for the bond hearing. Petitioner's motion is denied.

Respondents did not violate the Court's August 26th Order requiring them to provide Petitioner with an individualized bond hearing and to give advanced notice of the hearing to Mr. R.R. and his counsel. On August 26th, the Immigration Court at Fort Snelling, Minnesota, issued a Notice of Custody Redetermination Hearing in Immigration

Proceedings ("Notice"). It stated that such a hearing would be held at 1 Federal Drive, Suite 1850, Fort Snelling, MN 55111, on September 2, 2026 at 8:30 A.M. Dkt. 12-1. Mr. R.R.'s counsel in this habeas action received the Notice on August 27, 2026. Zuege Decl. ¶ 2, Dkt. 17. Mr. R.R.'s habeas counsel forwarded that notice to the attorney representing Petitioner in his immigration proceedings on August 27th. Rodriguez Decl. ¶ 5, Dkt. 16. Respondents held an individualized custody determination hearing on September 2, 2026, and the presiding Immigration Judge denied bond, finding Mr. R.R. poses a flight risk. Dkt. 12-2.

On this record, the Court concludes that Respondents complied with the Court's August 26th Order's requirements that they hold a prompt bond hearing and give notice to Mr. R.R. and his counsel. The notice was issued six days before the hearing and provided accurate information about when and where the hearing was to take place. Therefore, the Court rejects Petitioner's contention that "Respondents failed to provide the notice contemplated by this Court's Judgment" or "fail[ed] to reasonably convey information necessary for counsel to appear and present their client's case[.]" Dkt. 15 at 10. This case does not share similarities with other recent cases from this District where courts have concluded that immigration authorities failed to comply with an order requiring an individualized custody determination. This is not a situation where the Immigration Judge failed to hold a bond hearing because the IJ believed the immigration court was without jurisdiction to do so, *see Petra R. H. v. Schilling*, No. 26-cv-3077 (NEB/JJFD), Dkt. 16, slip op. at 1 (D. Minn. Aug. 18, 2026), nor is this a case where the petitioner's counsel

received no notice of the hearing, *Juan C.M.C. v. Blanche*, no. 26-cv-2402 (JWB/ECW), Dkt. 34, slip op. at 2 (D. Minn. Aug. 13, 2026).

The Court is sympathetic to the concerns raised by Mr. R.R.'s immigration lawyer, who made several attempts to appear remotely for the bond hearing, but was unable to do so. *See* Rodriguez Decl. ¶¶ 8–10 (describing access issues with the immigration e-filing system, rejected motions, and unanswered calls and an email).[1] However, the Court has reviewed the entire record in this matter, including the audio file from the bond hearing, and finds that it does not establish a due process violation, nor a failure to honor Mr. R.R.'s statutory right to counsel. *See* 8 U.S.C. § 1362.

This case is unlike *Abdifatah M.A. v. Blanche*, on which Mr. R.R. relies. No. 26-cv-3475 (LMP/DLM), 2026 WL 2676756 (D. Minn. Sept. 11, 2026). In *Abdifatah* the district court determined that "there were due process deficiencies in [the petitioner's] bond hearing that call[ed] for a 'redo' of the hearing." *Id.* at *2. Most relevant for purposes of this case is that the immigration judge ("IJ") in *Abdifatah* was clearly aware that the petitioner was represented by counsel, requiring the IJ to "reasonably accommodate [the petitioner's] statutory right to counsel." *Id.* The court reached this conclusion based on

[1] Mr. R.R.'s immigration counsel entered notices of appearance in the underlying removal proceedings, but those notices do not appear to have functioned as a notice of appearance for the bond proceedings. *See Abdifatah M.A. v. Blanche*, No. 26-cv-3475 (LMP/DLM), 2026 WL 2676756, at *1 n.3 (D. Minn. Sept. 11, 2026) (describing the "two-track system for entering notices of appearance" and how that likely led to the petitioner's immigration counsel not receiving "any notices regarding a bond hearing"). Here, the record demonstrates that Mr. R.R.'s immigration lawyer *did* receive notice of the hearing when his habeas counsel forwarded the notice from the immigration court to his counsel in the underlying removal proceedings.

persuasive caselaw indicating that "when a noncitizen requests a continuance to be represented by their attorney at a bond hearing, th[e] statutory right [to counsel] and the noncitizen's due process rights are violated if the immigration judge unreasonably denies that continuance." *Id.* (citing cases). Indeed, the *Abdifatah* court concluded a second bond hearing was required because "the audio recording of the bond hearing reflect[ed] that Abdifatah stated several times that he was represented by an attorney and that he wanted to speak with his attorney," and the court identified five separate occasions where the recording reflected those requests. *Id.* In addition, the petitioner "offered to call his attorneys to notify them of the bond hearing that same day." *Id.*

The circumstances here are quite different. The record does not reflect that Mr. R.R. requested a continuance to be represented by his counsel at the bond hearing. During Mr. R.R.'s bond hearing, during an exchange in which the IJ attempted to confirm that Mr. R.R. could understand the interpreter, she asked if Mr. R.R. was represented by an attorney. However, nothing in the audio record indicates that Mr. R.R. told the IJ that he did have a lawyer, nor that he otherwise conveyed that he was represented by counsel and wanted him to be present. *See* Bond Hearing Recording 3:10–3:40, Dkt. 24.

Because the Court cannot find either that the Respondents violated this Court's previous Order, or that they violated Mr. R.R.'s due process rights, the review of the administration and outcome of the bond hearing is beyond the reach of this Court's authority. Accordingly, **IT IS HEREBY ORDERED THAT** Petitioner's Motion to Enforce Judgment and for Release (Dkt. 13) is **DENIED**.

Date: October 28, 2026

*s/Katherine Menendez*
Katherine Menendez
United States District Judge